COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
JONATHAN E. BEHAR (174916)
EX KANO S. SAMS II (192936)
MICHAEL F. GHOZLAND (223032)
REGINA A. SANDLER (228363)
SEAN K. COLLINS (255198)
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)
jbehar@csgrr.com
exkanos@csgrr.com
mghozland@csgrr.com
reginas@csgrr.com
scollins@csgrr.com
       – and –
JOY ANN BULL (138009)
X. JAY ALVAREZ (134781)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
joyb@csgrr.com
jaya@csgrr.com

Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re BASIN WATER, INC., SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. CV-07-08359-GW(FFMx)<br><br>CLASS ACTION<br><br>REVISED [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

1  WHEREAS, a class action is pending before the Court entitled *In re Basin Water, Inc., Securities Litigation*, Master File No. CV-07-08359-GW(FFMx) (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of March 12, 2009 (the "Stipulation"), that has been entered into by the Lead Plaintiff and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on August 13, 2009, at 8:30 a.m., at the United States Courthouse, 312 North Spring Street, Los Angeles, California, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.14 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may

1 adjourn the Final Approval Hearing without further notice to Members of the
2 Settlement Class.

3       3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court
4 preliminarily certifies, for purposes of effectuating this Settlement, a Settlement Class
5 of all Persons who purchased or otherwise acquired Basin publicly traded securities
6 between November 14, 2006 and August 8, 2008. Excluded from the Settlement
7 Class are Defendants, any entity in which any Defendant has or had a controlling
8 interest or that is a parent or subsidiary or is controlled by any Defendant, Defendants'
9 officers and directors, including any Person who was an officer or director during the
10 Settlement Class Period, Defendants' affiliates, legal representatives, heirs,
11 predecessors, successors or assigns, and members of the Defendants' immediate
12 families. Also excluded from the Settlement Class are those Persons who timely and
13 validly request exclusion from the Settlement Class pursuant to the Notice of
14 Pendency and Proposed Settlement of Class Action.

15       4.    With respect to the Settlement Class, this Court preliminarily finds for
16 purposes of effectuating this Settlement that (a) the Members of the Settlement Class
17 are so numerous that joinder of all Settlement Class Members in the class action is
18 impracticable; (b) there are questions of law and fact common to the Settlement Class
19 which predominate over any individual questions; (c) the claims of the Lead Plaintiff
20 are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead
21 Counsel have fairly and adequately represented and protected the interests of all of the
22 Settlement Class Members; and (e) a class action is superior to other available
23 methods for the fair and efficient adjudication of the controversy, considering: (i) the
24 interests of the Members of the Settlement Class in individually controlling the
25 prosecution of the separate actions; (ii) the extent and nature of any litigation
26 concerning the controversy already commenced by Members of the Settlement Class;
27 (iii) the desirability or undesirability of continuing the litigation of these claims in this
28

particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶6-7 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than May 6, 2009 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b) Not later than May 6, 2009, Lead Counsel shall cause the Summary Notice to be published once in *The Wall Street Journal*;

(c) Not later than May 6, 2009, Lead Counsel shall cause the Stipulation and its Exhibits to be posted on the following website: www.gilardi.com; and

(d) On or before July 16, 2009, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Nominees who purchased or otherwise acquired Basin publicly traded securities between November 14, 2006 and August 8, 2008, shall send the Notice and

1  the Proof of Claim to all beneficial owners of such Basin securities within ten (10)
2  days after receipt thereof, or send a list of the names and addresses of such beneficial
3  owners to the Claims Administrator within ten (10) days of receipt thereof, in which
4  event the Claims Administrator shall promptly mail the Notice and the Proof of Claim
5  to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks,
6  brokerage houses or other nominees solely for their reasonable out-of-pocket expenses
7  incurred in providing notice to beneficial owners who are Settlement Class Members
8  out of the Settlement Fund, which expenses would not have been incurred except for
9  the sending of such notice, subject to further order of this Court with respect to any
10 dispute concerning such compensation.

11       8.     All Members of the Settlement Class shall be bound by all determinations
12 and judgments in the Litigation concerning the Settlement, whether favorable or
13 unfavorable to the Settlement Class.

14       9.     Settlement Class Members who wish to participate in the Settlement shall
15 complete and submit Proof of Claim forms in accordance with the instructions
16 contained therein.  Unless the Court orders otherwise, all Proof of Claim forms must
17 be postmarked no later than August 4, 2009. Any Settlement Class Member who does
18 not timely submit a Proof of Claim within the time provided for shall be barred from
19 sharing in the distribution of the proceeds of the Net Settlement Fund, unless
20 otherwise ordered by the Court or allowed by the Stipulation.

21       10.    Any Person who desires to request exclusion from the Settlement Class
22 shall do so within the time set forth and in the manner described in the Notice.  All
23 Persons who submit valid and timely requests for exclusion in the manner set forth in
24 the Notice shall have no rights under the Stipulation, shall not share in the distribution
25 of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment
26 entered in the Litigation.

11. Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12. Any Settlement Class Member may appear and show cause, if he, she or it has any reason, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has filed said objections, papers and briefs with the Clerk of the United States District Court for the Central District of California, on or before July 27, 2009, and delivered copies of any such papers to Coughlin Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 655 West Broadway, Suite 1900, San Diego, CA 92101 and to Orrick, Herrington & Sutcliffe LLP, Daniel J. Tyukody, 777 South Figueroa Street, Suite 3200, Los Angeles, CA 90017, such that they are received on or before the same date. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14. All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses shall be filed and served on or before July 16, 2009. Any reply papers shall be filed and served on or before August 6, 2009.

15. Neither the Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

16. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses shall be approved.

17. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, as provided for in the Stipulation.

18. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that the Lead Plaintiff or any Settlement Class Member has suffered any damages, harm or loss.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and

1  releases delivered in connection herewith shall be null and void to the extent provided
2  by and in accordance with the Stipulation.
3      20.    The Court reserves the right to adjourn the date of the Final Approval
4  Hearing without further notice to the Members of the Settlement Class, and retains
5  jurisdiction to consider all further applications arising out of or connected with the
6  proposed Settlement. The Court may approve the Settlement, with such modifications
7  as may be agreed to by the Settling Parties, if appropriate, without further notice to the
8  Settlement Class.

DATED: April 24, 2009

_____
THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

S:\Settlement\Basin Water.set\REVISED ORDER PRELIM APPROVAL 00058701.doc